MAXWELL M. BLECHER (State Bar No. 26202)
mblecher@blechercollins.com
ALYSON DECKER (State Bar No. 252384)
adecker@blechercollins.com
BLECHER & COLLINS
515 South Figueroa Street, Suite 1750
Los Angeles, CA 90071-3334
Telephone: 213-622-4222
Facsimile: 213-622-1656
(Additional Attorneys Listed on Following Page)

Attorneys for Plaintiffs, Holly Hanson and John Rennel

LYNNE C. HERMLE (State Bar No. 99779)
lchermle@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

TRISH M. HIGGINS (State Bar No. 119215)
thiggins@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: 916-447-9200
Facsimile: 916-329-4900

Attorneys for Defendant
MORGAN STANLEY SMITH BARNEY LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY HANSON, an individual, and JOHN RENNEL, an individual, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY SMITH BARNEY, LLC, a Delaware limited liability company; DOES 1-50, inclusive,<br><br>Defendants. | Case No. CV10-6945 SJO (VBKx)<br><br>**PROTECTIVE ORDER RE USE OF PRIVATE AND CONFIDENTIAL INFORMATION**<br><br>CLASS ACTION |

**ADDITIONAL ATTORNEYS FOR PLAINTIFFS:**

ROBERT S. GREEN (State Bar No.136183)
JAMES ROBERT NOBLIN (State Bar No. 114442)
NICOLE D. REYNOLDS (State Bar No. 246255)
GREEN WELLING, P.C.
595 Market Street, Suite 2750
San Francisco, CA  94105
Telephone:   415-477-6700
Facsimile:    415-477-6710

ROBERT D. BLASIER, JR. (State Bar No. 47480)
3600 Piedra Montana Road
El Dorado Hills, CA  95762
Telephone:   916-933-7289
Facsimile:    916-933-7452

1    Good cause appearing, the Court hereby approves and enters this Protective
2    Order relating to the use of private and confidential information, stipulated,
3    consented to and agreed by Plaintiff Holly Hanson, Plaintiff John Rennell and
4    Defendant Morgan Stanley Smith Barney LLC (collectively "Stipulating Parties"),
5    through their respective counsel of record.

6    1.    That the preparation and trial of this action may require the discovery
7    or disclosure of documents, information or other material claimed by one or more
8    of the parties to this action or others to be confidential.

9    2.    In order to expedite the flow of discovery materials, facilitate the
10   prompt resolution of disputes over confidentiality, adequately protect material
11   entitled to be kept confidential, and serve the ends of justice, a protective order for
12   such information is prudent and necessary.

13   3.    Any Stipulating Party may designate as "Confidential" any documents
14   or other information that contains "Confidential Information," as that term is
15   defined in Paragraph 4 below, that a Stipulating Party has kept secret or
16   confidential, or information which, if disclosed, could place a Stipulating Party at a
17   competitive disadvantage in the marketplace or cause disclosure of private
18   information.  Documents, depositions, and interrogatory responses or other papers
19   shall be designated confidential by stamping the word "Confidential" on each page
20   of the document containing confidential information or by a Stipulating Party
21   advising the other Stipulating Party in writing that such documents are deemed to
22   be confidential.

23   4.    "Confidential Information" includes documents or other information
24   relating to trade secrets, proprietary or other confidential commercial information
25   that belongs to Morgan Stanley Smith Barney LLC ("MSSB"), including the
26   following specific categories of documents:  (1) documents that reveal confidential
27   employee information such as name, address, telephone number, salary,
28   compensation, commission or asset information, trading activity, or demographic or

other personal information; (2) documents that reveal financial or personal information regarding MSSB's clients; (3) and documents that reveal confidential financial or commercial information regarding Morgan Stanley's business that is not available to the public or Morgan Stanley's competitors.  "Confidential Information" also includes private and confidential documents or information relating to Holly Hanson, John Rennell or past and present employees of MSSB, including private personnel or financial information.  Execution of this protective order shall not waive any right otherwise available to the Stipulating Parties to object to the production of any such requested information on privacy, attorney-client privilege, attorney work product, relevancy or other grounds when the parties deem such an objection to be necessary or appropriate.

5. Neither the provisions of this Stipulated Protective Order, nor any designation or failure to designate any particular information, document or material by a party as Confidential Information shall, in this litigation or any other litigation, constitute a waiver of the rights of a party to assert confidentiality with respect to any document, material or information meeting the definition of Confidential Information in Paragraph 4 above.  Upon discovery of an inadvertent or otherwise non-designation, the discovering party will immediately notify the opposing party and the information, document or material identified will be treated as if it had been originally designated as Confidential Information and will be subject to the terms of this Stipulated Protective Order.

6. All Confidential Information provided by the parties pursuant to discovery or otherwise obtained in the course of this litigation shall be treated as confidential and shall not be disseminated to any person not directly connected with this specific litigation.  Specifically, all Confidential Information listed in Paragraph 4 that is obtained through discovery or otherwise from the parties in this case shall not be disclosed to anyone other than:

/ / / /

      (a)    retained and corporate attorneys for any Stipulating Party who are engaged in litigating this action and the employees of such attorneys;

      (b)    persons not employees of any Stipulating Party who serve as experts or consultants ("outside experts") to assist such Stipulating Party's counsel in the preparation of this action for trial, including, but not limited to statisticians, economists, attorneys and other experts, and the employees of such persons;

      (c)    a Stipulating Party, or principals, officers, employees, agents or representatives of any Stipulating Party whose assistance or consultation is required by counsel in connection with the prosecution or defense of this action;

      (d)    potential witnesses in connection with this litigation;

      (e)    the Court and mediators, and the personnel of any of the foregoing.

      7.    No person shall make any disclosure of Confidential Information to any person falling within categories (b) or (d) in Paragraph 6 without first obtaining from any such person a signed statement in the form attached hereto as Exhibit "A." Either party may request of the other a copy (if any) of said signed statement(s) to counsel. Subject to applicable privileges, the other party must promptly comply with such a request by providing copies of the signed statement(s) by telecopier or other appropriate means, and in no event beyond five (5) business days of such a request. If a party objects to the disclosure of information to a particular person, the Stipulating Party objecting to such disclosure shall have five days to seek a protective order from the Court barring such disclosure and no such disclosure shall be made until further order of the Court. This paragraph shall not obligate a party to identify its expert witnesses in advance of the applicable disclosure date under the Federal Rules of Civil Procedure or Order of this Court.

      8.    No disclosure of Confidential Information shall be made except in accordance with this Stipulation and Protective Order, and no use shall be made of

/ / / /

1  any Confidential Information except in accordance with this Stipulation and
2  Protective Order.
3      9.    This order shall in no way impair the right of any party to raise or
4  assert a defense or objection, including but not limited to defenses or objections to
5  the production of documents or information and to the use, relevancy or
6  admissibility at the trial of this litigation of any evidence, whether or not comprised
7  of documents or information governed by this order.
8      10.    All attempts to use any Confidential Material in connection with any
9  pleading, motion or as evidence shall be governed by the procedures set forth in
10  Local Civil Rule 79-5.  If any Stipulating Party intends to file or lodge with the
11  Court for any purpose any portion of any document, answer to interrogatory or
12  request for admission, or deposition transcript identified as containing information
13  that has been designated as Confidential Information by another Stipulating Party,
14  or any pleading, motion, brief, or declaration containing or disclosing information
15  that has been designated as Confidential Information by another Stipulating Party, it
16  will first provide the Designating Party no less than five court days' notice of such
17  intent.  This notice will clearly identify, by Bates-stamp number or other detailed
18  description, the specific documents that are to be filed/lodged with the Court.  This
19  minimum five-day notice period will enable the Designating Party an opportunity
20  to serve on the Stipulating Party that intends to file or lodge the Confidential
21  Information a written application and proposed order requesting that the
22  Confidential Information be filed under seal, pursuant to Local Rule 79-5.1.  The
23  Stipulating Party that lodges or files potentially affected documents shall then
24  present to the judge, along with the potentially affected documents, the Designating
25  Party's application and proposed order, pursuant to Local Rule 79-5.1.  The
26  Stipulating Party that lodges or files potentially affected documents with the Court
27  also will file or lodge them in an envelope or container marked
28  "CONDITIONALLY UNDER SEAL" pending the Court's ruling on the

1  Designating Party's application.  The Court's refusal to order certain documents
2  sealed does not impact or abrogate any party's designation of those documents as
3  Confidential Information.

4      11.   Nothing in this order shall preclude any party from using Confidential
5  Information at the trial of this litigation; provided, however, that prior to using such
6  material the party offering it advises the Court and all other parties so that steps can
7  be taken to ensure the preservation of the confidential nature of the information to
8  be used, if deemed necessary and appropriate by the Court.

9      12.   Should any Stipulating Party object to the Confidential treatment of
10 any information designated Confidential under the terms hereof, such Stipulating
11 Party shall, after meeting and conferring in good faith with the designating party,
12 move the Court for an order releasing the material from the designation as
13 Confidential.  The designating party bears the burden of establishing confidentiality
14 when an objection to the designation is raised.

15     13.   Nothing contained herein shall restrict in any way the rights of any
16 Stipulating Party producing Confidential Information to release that information or
17 otherwise make it non-Confidential.

18     14.   All Confidential Information, including but not limited to documents
19 produced by Plaintiffs or MSSB that relate to MSSB's trade secrets, proprietary or
20 other confidential information, that belongs to MSSB shall remain the property of
21 MSSB, together with all copies thereof, and shall be returned to counsel for MSSB
22 at the conclusion of the litigation.  Notes, summaries and other documents protected
23 by the work product doctrine shall remain subject to this Stipulation and Protective
24 Order.

25     15.   This Stipulation and Protective Order shall not limit the right of any
26 party to apply for further protective orders as modifications or extensions of this
27 order, and shall not restrict the use by any party of its own information.
28 / / / /


16. Once protections in this Stipulation and Protective Order have attached to a document, statement or item of information hereafter communicated, such protections shall not be reduced or waived by further communicating, restating, summarizing, discussing or referring to any such documents, statements or information.

IT IS SO ORDERED:

Dated: _____December 15, 2010_____        _____/s/_____
The Honorable Victor B. Kenton
Magistrate Judge of United States District Court

**EXHIBIT A**

<u>CERTIFICATION</u>

I _____, hereby state and declare that I have read and understand the attached Protective Order re Private and Confidential Information (the "Protective Order") in the matter of *Holly Hanson v. Morgan Stanley Smith Barney, LLC*, United States District Court, Central District of California Case No. CV10-6945 SJO (RCx), and hereby agree to fully comply with the terms and conditions thereof. This Protective Order is enforceable by the United States District Court, Central District of California.

Executed this \_\_\_ day of _____ 2010, at _____.

_____
(Signature)